### THE PHILADELPHIA BANK v. W. E. RICE et al.

Execution — Levy — Venditioni Exponas.

Had the execution been so levied on Joe, as to authorize a sale, the *venditioni exponas* addressed to a sheriff of a different county did not authorize the caption or sale of Joe after he had gone to Montgomery county from Fleming, where the levy purported to have been made; the only legal process to take and sell him by execution was a new fi. fa. to Montgomery county.

Same — Refusal to Surrender Joe.

If either of the appellants refused to surrender Joe to be sold by the sheriff of Montgomery county under the *venditioni exponas* he violated no law.

APPEAL FROM FLEMING CIRCUIT COURT.

September 21, 1866.

OPINION OF THE COURT BY JUDGE ROBERTSON:

It seems to this court that the judgment in this case is as liberal for the appellant as he had any right to expect.

It is not certain that the execution debtor had such a right to Joe, or to the possession of him, as would have justified the sheriff in taking him from the bailee for hire. Nor, if Joe was legally

subject to levy and sale, does it appear that the appellants or either of them ever prevented or attempted to elude the levying the fi. fa. on Joe, or that it was ever legally levied on him. But, had it been so levied as to authorize a sale, the *venditio exponas* addressed to a different sheriff of a different county did not authorize either the caption or sale of Joe. After he had gone to Montgomery from Fleming, where the levy, such as it may have been, purported to have been made, the only legal process for taking and selling him by execution was a new fi. fa. to Montgomery. Therefore, if either of the appellants refused to surrender Joe to be sold by the sheriff of Montgomery, under the *venditio* he violated no law, nor did any wrong to the appellant.

Wherefore, the judgment dismissing the appellant's petition for damages seems clearly right, and is hereby affirmed.